UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JENNETTE SHANNON,

    Plaintiff,

v.

THOR REAL ESTATE, LLC

    Defendant.
_____/

Case No. 16-cv-12904
Hon. Matthew F. Leitman

**ORDER (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS (ECF #2) AND (2) DISMISSING PLAINTIFF'S AMENDED COMPLAINT (ECF #6) WITHOUT PREJUDICE**

On August 9, 2016, Plaintiff Jennette Shannon ("Shannon") filed this action against Defendant Thor Real Estate, LLC ("Thor"). (*See* Compl., ECF #1.) In her Complaint, Shannon appears to allege that Thor committed fraud with respect to a home she purchased in Detroit. (*See id.* at 2, Pg. ID 2.) Along with her complaint, Shannon filed an application to proceed in this action without the prepayment of fees or costs (the "Application"). (*See* ECF #2.) On August 11, 2016, this Court issued an order (the "Show Cause Order") requiring Plaintiff to file an amended complaint or to show cause in writing why her action should not be dismissed for lack of subject matter jurisdiction. (*See* ECF #4.) In response to the Show Cause Order, Plaintiff filed an amended complaint (the "Amended Complaint") on

1

August 31, 2016. (*See* ECF #6). For the reasons stated below, the Court **GRANTS** the Application and **DISMISSES** the Amended Complaint **WITHOUT PREJUDICE**.

# I

Applications to proceed without the prepayment of fees or costs are governed by 28 U.S.C. § 1915(a)(1). That statute provides that a federal court "may authorize the commencement ... of any suit, action, or proceeding ... by a person who submits an affidavit that includes a statement of all assets ... that the person is unable to pay such fees...." *Id.*

In the Application, Shannon states that she has no savings, no real estate or other assets of significant value, and no gross pay or wages. (*See* Application at 1-2, Pg. ID 13-14.) Further, Shannon states that she is homeless and supports a minor dependent. (*Id.*) The Court has reviewed the Application and is satisfied that the prepayment of the filing fee would cause an undue financial hardship on Shannon. The Court therefore grants the Application and permits Shannon to file her Complaint without prepaying the filing fee.

# II

When a plaintiff is allowed to proceed without the prepayment of fees or costs, the Court is required to screen the complaint and dismiss it if it (i) asserts frivolous or malicious claims, (ii) fails to state a claim upon which relief may be

granted, and/or (iii) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). While the Court must liberally construe documents filed by a *pro se* plaintiff, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), a complaint filed by such a plaintiff must still plead sufficient specific factual allegations, and not just legal conclusions, in support of each claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–679 (2009); *see also Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2) for failure to state a claim).

Moreover, federal courts are courts of limited jurisdiction. This Court has jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331 – "federal question jurisdiction") and (2) "all civil actions where the matter in controversy exceeds the sum or value of $75,000...and is between citizens of different states" (28 U.S.C. § 1332 – "diversity jurisdiction"). The Court is obligated to consider *sua sponte* in every action whether it has subject matter jurisdiction and to dismiss the action if it lacks subject matter jurisdiction. *See, e.g.*, *In re Lewis*, 398 F.3d 735, 739 (6th Cir. 2005); *See also* Fed. Rule Civ. Proc. 12(h)(3).

Despite the Court's instructions in the Show Cause Order, Shannon has failed to allege in her Amended Complaint the facts necessary to establish that this Court has subject matter jurisdiction over her claims. Indeed, Shannon has failed

to plead either that (1) she and the defendants are citizens of different states and that the amount in controversy exceeds $75,000 or (2) her claims arise under federal law such that federal question jurisdiction exists.[1]

Shannon has also failed to plead the existence of "diversity jurisdiction." To properly plead "diversity jurisdiction," Shannon must plead that she and Thor are citizens of different states and that the amount in controversy exceeds $75,000.00. For diversity purposes, a limited liability company like Thor is a citizen of each State in which a member of the limited liability company is a citizen. *See V & M Star*, 596 F.3d at 356; *Trident-Allied Assocs., LLC v. Cypress Creek Assocs., LLC.*, 317 F. Supp. 2d 752, 753 (E.D. Mich. 2004) ("For purposes of diversity, the citizenship of limited liability companies is the citizenship of each of its members."). Here, Shannon has not identified in her Amended Complaint any members of Thor nor pleaded their respective citizenships. The allegations of record are therefore insufficient to establish diversity jurisdiction in this case.

Accordingly, **IT IS HEREBY ORDERED** that the Amended Complaint (ECF #6) is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. Rule Civ. Proc. 12(h)(3). The Court certifies that any

---

[1] The Amended Complaint does state that an "Affidavit will prove facts that THOR REAL ESTATE, LLC is in violation of 18 U.S. CODE 1028." (*See* ECF #6 at 5, Pg. ID 26.) However, 18 U.S.C. 1028 is a federal criminal statute that does not create a private cause of action. *See* 18 U.S.C. §1028.

appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

                                                s/Matthew F. Leitman
                                                MATTHEW F. LEITMAN
                                                UNITED STATES DISTRICT JUDGE

Dated: October 25, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 25, 2016, by electronic means and/or ordinary mail.

                                                s/Holly A. Monda
                                                Case Manager
                                                (313) 234-5113